**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD MOORE, ) | |
| ) | 3:10-CV-0310-RCJ (VPC) |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| SUTTER DR. OFFICE, et al., ) | |
| ) | |
| Defendant(s). ) | June 22, 2010 |
| _____ ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Before this court is plaintiff's application to proceed *in forma pauperis* and *pro se* complaint (#1). As set forth below, it is recommended that plaintiff's application to proceed *in forma pauperis* be denied and his complaint be dismissed with prejudice.

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the

1  court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74
2  F.3d 955, 957 (9th Cir. 1996).

3      The complaint must be dismissed *sua sponte* if it is in fact frivolous – that is, if the claims
4  lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that
5  are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement
6  of a legal interest which clearly does not exist), as well as claims based upon fanciful factual
7  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
8  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9      In the instant case, plaintiff's complaint lacks an arguable basis in either law or fact. Plaintiff
10 brings this action against Sutter Dr. Office. Although largely incomprehensible, the complaint
11 appears to allege, in part, that an unknown doctor is trying "to kill [him]" or "has put out a contrak
12 [sic] to kill [him]" (#1). Plaintiff has filed at least six other actions in this court since 2009 with
13 claims similar to those alleged in the instant case, *see Moore v. Marshal*, 3:09-CV-0098-LRH
14 (RAM); *Moore v. AT&T*, 3:09-CV-0157-ECR (VPC); *Moore v. Cop*, 3:09-CV-0183-LRH (RAM);
15 *Moore v. AT&T*, 3:09-CV-0730-RCJ (RAM); *Moore v. Hercules Dynamite Co.,* 3:10-CV-0117-RCJ
16 (RAM); *Moore v. Dameren Hospital*, 3:10-CV-0309-RCJ (VPC). In each case, plaintiff's complaint
17 was dismissed or is pending dismissal following a report and recommendation from the assigned
18 magistrate judge.

19     None of plaintiff's allegations or requests for relief has an arguable basis in law or fact. This
20 court concludes that plaintiff's legal theories are indisputably meritless and based upon fanciful
21 factual allegations. Accordingly, the court concludes that plaintiff's complaint is frivolous under 28
22 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is recommended that plaintiff's complaint be dismissed with
23 prejudice.

24     The parties are advised:

25     1.  Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the
26 parties may file specific written objections to this report and recommendation within fourteen days
27 of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and
28

1 Recommendation" and should be accompanied by points and authorities for consideration by the
2 District Court.

3     2.   This report and recommendation is not an appealable order and any notice of appeal
4 pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### III. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the district court enter an order **DENYING** plaintiff's motion to proceed *in forma pauperis* (#1) and **DISMISSING** this action with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED: June 22, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

- 3 -